*Steele and ux.* ads. *Tenant.*

*Steele, and Fuller, his bail,* ads. *Tenant, Assignee of the Sheriff of Washington.*

THE original suit was trespass *quare clausum fregit*, in which *Steele* and his wife had been held to bail under the statute ;* after the return of the writ the plaintiff obtained an assignment of the bail-bond on which he issued the usual process, filed his declaration on the first of *October*, 1802, and entered a default the 11th of *November;* on the 17th the partner of the plaintiff's attorney received, when in his office, notice of the retainer of an attorney on behalf of the defendants in the bail-bond suit, but no information was then given of any default having been entered. In *January* following final judgment was signed. On the eighth of *March*, 1803, the attorney for the defendants, in the bail-bond suit, was served with a notice of executing a writ of inquiry† in the original suit; a declaration also in the same suit was then delivered, which the plaintiff's attorney swore was merely to apprize the defendant of the nature of the demand; but the attorney of the defendant swore it was served absolutely, not on any condition, and that he did not know of the entry of the default in the bail-bond suit, or that any declaration had been filed; that acting under that impression he did not attend the execution of the writ of inquiry, or apply to the court last term.    On these facts the defendant now moved, that the default and interlocutory judgment in the original action, and all the proceedings in the

* 31st *March*, 1801. c. 102. s. 3.

† Under s.16. of c. 90. of 31st *March*, 1801.

z

bail-bond suit, be set aside, and the defendants, in the original cause, let in to plead.

*Per Curiam.* The court are of opinion the defendant's attorney was in default. He ought to have seen that the proceedings in the suit on the bail-bond were regular. He should have called after the default and tendered costs. We do not say, that the not disclosing the entry of the default in the suit against the bail amounts to a surprise, but it would have been rather more candid to have mentioned that circumstance. Let the judgment on the bail-bond stand as security, and the costs on that remain also. The default and subsequent proceedings in the original suit to be set aside on payment of the costs of entering the judgment under the statute, and executing the writ of inquiry. The defendant to plead *instanter* to the declaration filed, take short notice of trial, and pay the costs of this application.

LIVINGSTON, J. I think the costs on the bail-bond ought to be paid.